IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANDEE PRIMEAUX, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-393-TCK-PJC |
| (1) INDEPENDENT SCHOOL DISTRICT NO. 5 OF TULSA COUNTY OKLAHOMA, a/k/a the Jenks Public School District; | ) |
| (2) JENKS PUBLIC SCHOOL DISTRICT BOARD OF EDUCATION; and, | ) |
| (3) PAUL CASTEEL, individually and in his capacity as a Jenks Public School District Campus Police Department officer, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Jenks Public School District Board of Education's Motion to Dismiss (Doc. 12).

**I.  Factual Background**

On June 15, 2012, Plaintiff Andee Primeaux filed a Petition in Tulsa County District Court against (1) Independent School District No. 5 of Tulsa County, Oklahoma, a/k/a Jenks Public School District ("Jenks School District"); (2) Jenks Public School District Board of Education ("Jenks School Board"); and (3) Paul Casteel ("Casteel"), individually and in his capacity as an officer of the Jenks Public School District Campus Police Department ("Jenks Campus Police Department"). Plaintiff is a parent of a student in the Jenks school district. Plaintiff alleges that she was unlawfully

assaulted, arrested, and searched by Casteel, a Jenks Campus Police Department officer, at the scene of a school bus accident. Plaintiff asserts federal claims arising under 42 U.S.C. § 1983 and state law claims. Following removal to this Court, Jenks School Board filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Jenks School Board argues that it is not a separate, suable entity under Oklahoma law, and that any claims against it are duplicative with claims asserted against the Jenks School District.

## II.  Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to

plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.*

### III. Discussion

Under Oklahoma law, school districts are "a body corporate and shall possess the usual powers of a corporation for public purposes." Okla. Stat. tit. 70, § 5-105. Each school district is designated a number by the Oklahoma State Board of Education and is named "Independent School District Number____ of _____ County." *Id.* In that name, school districts "may sue and be sued and be capable of contracting and being contracted with and holding such real and personal estate as it may come into possession of or by will or otherwise and as authorized by law." *Id.* The "governing body" of each school district is referred to as the "board of education." *Id.* at § 5-106. In contrast to § 5-105 (discussing school districts), § 5-106 (discussing school boards) does not contain the "may sue and be sued" language.

Under an Oklahoma statutory scheme known as the Oklahoma Campus Security Act, "boards of education of public school districts . . . are authorized to establish campus police departments." Okla. Stat. tit. 74, § 360.18(A). Boards of education may "employ and commission campus police officers," *see id.*, and also have the power to suspend or revoke the commission of a campus police officer, *see id.* at § 360.18(B). The jurisdiction of campus police officers generally includes the

campus, which is defined as the "real property, buildings and other improvements within this state owned, leased or rented by an institution of higher education." *See id.* at § 360.17(A) (explaining jurisdiction of campus police officers); 360.16(1) (defining campus). A campus police department's jurisdiction may also include other areas pursuant to statutorily authorized agreements. *Id.* at § 360.17(A).

The parties did not cite, and the Court has been unable to locate, Oklahoma law addressing the precise question of whether an Oklahoma school board may sue or be sued.[1] Based on the language of the Oklahoma statutory scheme, the Court concludes that Oklahoma school boards are not separate, suable entities. The Court further concludes that, where an Oklahoma school district is named as a defendant, any claims against the school board are duplicative of claims against the school district. *See Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1300 (D. Kan. 2006) (addressing Kansas statutory scheme in which school district had statutory authority to "sue and be sued" and board of education was the "governing body" of the school district) ("[B]ecause the board of education is merely the governing body of the school district and is not a separate legal entity, any judgment against the board necessarily is against the school district. As with claims against individuals acting in their official capacities for a school district, a claim against a sub-unit of a school district is the equivalent of a suit against the school district itself. A suit against both entities is duplicative."); *see also* 67B Am. Jur. 2d *Schools* § 23 ("[W]hen a board of education is not considered a legal entity and has not been given the statutory authority to sue or be sued in its own name, only a suit against all of the individual members constituting the board is

---

[1] Plaintiff cited cases in which Oklahoma school boards were permitted, without discussion or objection, to sue or be sued. These cases are of little persuasive value to the Court.

allowed."). *Cf. Cross v. Suffolk City Sch. Bd.*, No. 2:11cv88, 2011 WL 2838180, at * 4 (E.D. Va. July 14, 2011) (dismissing claim against "Suffolk Public Schools" because, under Virginia statutory scheme, school boards are corporate bodies with the capacity to sue and be sued, rather than the public schools); *Gerber ex rel. Gerber v. Springfield Bd. of Educ.*, 744 A.2d 670, 679 (N.J. Super. 2000) (explaining that, under New Jersey statutory scheme, a school board may sue or be sued in its corporate name and was therefore liable to suit as an entity). In Oklahoma, the legislature has indicated that a school district is the entity legally responsible for actions of its governing school board, including actions taken pursuant to the school board's statutory powers. Accordingly, dismissal of the Jenks School Board is proper.

## IV. Conclusion

Defendant Jenks Public School District Board of Education's Motion to Dismiss (Doc. 12) is GRANTED, and Defendant Jenks Public School District Board of Education is dismissed from the litigation. The Court denies Plaintiff's request for express permission to amend its pleadings at an unknown future date. Plaintiff must file a motion for leave to amend if she desires to do so.

**SO ORDERED** this 29th day of November, 2012.

TERENCE C. KERN
United States District Judge